UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD L. FLEMING,            :

      Plaintiff            :            CIVIL ACTION NO. 1:21-349

   v.                          :            (MANNION, D.J.)
                                         (CARLSON, M.J.)

KELLY YATES, *et al.*,         :

      Defendants           :

## ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Martin C. Carlson filed on April 29, 2022, (Doc. 47), which recommends that defendant Correctional Officer Kerwin's ("Kerwin") motion to dismiss, or in the alternative for a more definite statement (Doc. 33), be granted. To date, Plaintiff Ronald L. Fleming ("Fleming") has not filed objections to the Report.[1]

When parties fail to file timely objections to a report and recommendation, the Federal Magistrates [Judges'] Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the court should

---

[1] The Middle District of Pennsylvania Local Rule 72.3 provides that a "party may object to a magistrate judge's proposed ... recommendations ... within fourteen (14) days after being served with a copy thereof." M.D. Pa. Local Rule 72.3.

"satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

In his Report, Judge Carlson reasons that since Fleming's allegations against Kerwin do not present "any factual detail beyond the averment that Kerwin sprayed Fleming with O.C. spray," they lack factual specificity and amount to little more than mere legal labels and conclusions. (Doc. 47 at 11-12). The Report further observes that Fleming has submitted a Second Amended Complaint, (Doc. 41), which no longer names Kerwin as a defendant. Accordingly, it is unclear at this juncture whether Fleming continues to bring any claims against Kerwin. As such, the Report concludes that Fleming's claims against Kerwin are subject to dismissal under Rule 12(b)(6) and recommends that the court grant Kerwin's motion to dismiss

and direct Fleming to file a more definite statement of his claim through an amended complaint. (Doc. 33).

The court has reviewed all pertinent filings and finds no clear error with regards to Judge Carlson's well-reasoned and well-supported Report. In light of this, the court will adopt the Report in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The Report of Judge Carlson, (Doc. 47), is **ADOPTED IN ITS ENTIRETY**;

(2) Defendant Kerwin's motion to dismiss, or in the alternative for a more definite statement, (Doc. 33), is **GRANTED** and Fleming's Amended Complaint, (Doc. 10), is **DISMISSED**, with respect to its claims against Kerwin. **IT IS FURTHER ORDERED** that Fleming is permitted to file an amended complaint to provide a more definite statement within **twenty-one days (21 days) of the date of this order.** Failure to file an Amended Complaint will result in the termination of Officer Kerwin as a defendant in this case;

**(3)** The matter is **REMANDED** to Judge Carlson for further proceedings.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 8, 2022**
21-0349-03